Price, J.
The diligence of plaintiffs in error has placed before us the various statutes respecting compensation to counsel for indigent prisoners from the year 1831 down to the present time, and they claim that their consideration affords support to their construction of the present statute. If they have correctly compiled those statutes, there was no provision for compensating such counsel prior to the act of March 4,. 1844, and according to its provisions, it was not “lawful for the county auditor to audit or allow any account, bill or claim hereafter presented by any attorney or counselor at law for services performed under the provisions of the 14th section of the act, entitled ‘An act to regulate the mode of procedure in criminal cases/ until said account, bill or claim shall have been examined and allowed by the county commissioners of the proper county, and the amount so. allowed for such services certified by the said county commissioners.” By that act the compensation for attorneys was vested wholly in the commissioners. See O. L. Vol. 42, p. 28.
*543 The next legislation was the act amending said Section 14, passed March 14, 1862, and the section as amended expressly provided that counsel should receive no compensation. See 59 O. L., 26.
The next act was passed on the first day of February, 1866, and it amended the former, act, so as to provide against the county auditor “auditing or allowing any account, bill or claim hereafter presented by an attorney or counselor at law, for services performed under the provisions of this section, until said account, bill or claim shall have been examined and allowed by the county commissioners of the proper county, and the amount so allowed for such services certified by said commissioners; provided, that no such account, bill or claim shall in any case exceed one hundred dollars.” See 63 O. L., 6.
The foregoing was amended April 18, 1870, 67 O. L., 96. By that amendment it was provided that “it shall not be lawful for the county auditor of any county in this state to audit or allow any account, bill or claim hereafter presented by an attorney or counselor at law for services performed under the provisions of this section until said account, bill or claim shall have been examined and allowed by -the court before whom said trial is had, and the amount so allowed for such services certified by the court; provided, that no. such account, bill or claim shall in any case, except in cases of homicide, exceed one hundred dollars.” This amendment vested the allowance wholly in the trial court, with no limit in cases of homicide, and a limitation of $100 in other cases.
*544 On March 3, 1875, the section was so amended as to restore to the commissioners exclusive authority to fix the compensation, and provided that in any case of homicide the amount should not exceed one hundred dollars, and in other cases the amount should not exceed fifty dollars. See 72 O. L., 46.
There was an amendment passed April 11, 1877, but the exclusive authority of the commissioners over the .question of compensation was not changed. See 74 O. L., 82. In the process of codification the section so frequently amended became section 7246, Revised Statutes, and it now reads in part: “Counsel so assigned in any case of felony shall be paid for their services by the county, and may receive therefor, in any case of murder in the first or second degree such compensation as the court approves, in any case of manslaughter not exceeding one hundred dollars, and in any other case of felon}'- not exceeding fifty dollars; but the auditor shall not draw an order on the treasurer for the payment of any such counsel until his account for such services has been presented to and qllowed by the commissioners.”
The legislature in wording this section did not seem to have taken advantage of clear language used in former enactments on the same subject, but used words in such slip-shod manner, that it seems to have required litigation to have their meaning determined. The lower courts differed on the construction, and the question comes to this court — what does the section mean? Has the court power to make the allowance, independent of the commissioners? Or, is its authority merely *545 one of approval, the final authority abiding in the county commissioners ?
It is worthy of notice that during the long period in which the legislature, from time to time acted upon this subject, there is but a single instance in which it clothed the trial court with the absolute power to fix the compensation of counsel appointed to defend indigent persons, and that was in the act of April 18, 1870, above quoted, in which no mention whatever is made of the county commissioners. It provided that * * * “it shall not be lawful for the county auditor of any county in this state to audit'or allow any account, bill or claim hereafter presented by an attorney or counselor at law for services performed under the provisions of this section, until said account, bill or claim shall have been examined and allowed by the court before whom said trial is had and the amount so allozved for such services certified by said court.” But the power of the court was not unlimited, for it was further “provided, that no such account, bill or claim shall in any case, except cases of homicide, exceed one hundred dollars.” It is also worthy of notice, that prior to the provision as amended by the present statute, none of thé amendments provided that the court should in any way participate with the commissioners in determining the compensation of such counsel. And hence it is, that we are unable' to account for the mongrel growth we find in the present section.
However, it will be observed that in the act of 1870 the account, bill or claim for services could not lawfully be audited or allowed by the county auditor, until it had been examined and *546 allowed by the court, * * * and the amount- so allowed certified by the court. The words “examined” and “allowed” were used in all former amendments, whether the duty was exercised by the court as in the one instance, or by the commissioners in all the others. And when we look to the language of the present section, we find that the part to be performed by the court is differently described. It says: “Counsel so assigned in any cases of felony shall be paid for their services by the county, and may receive therefor in any case of murder in the first or second degree such compensation as the court approves.” The talismanic words, “examined” and “allowed” are absent. The word “approves” is not the equivalent of “allowed” or of the word “fixed,” which is sometimes used to express a similar sense. The word “approve” seems to relate for its object to something made, done or said by another. If the legislature intended by this section so worded, to invest the trial court with exclusive power to determine what compensation should be paid by the county in such cases, it has been unfortunate in the use of our common language. It rather appears to us that the trial court is authorized to suggest the amount which should be paid — to approve of a certain sum that should be paid, relying on the commissioners to respect and give proper weight to the opinion of the court. But that the act of approval by the court is final on the subject, we think is clearly denied by the balance of the section. It fixes a limit of $100 in any case of manslaughter, and in any other case of felony $50. Hedging again on the whole subject, the act proceeds to say: “But *547 the auditor shall not draw an order on the treasurer for the payment of any such counsel, until such account for services shall- have been presented to, and allowed by the commissioners.”
This clause is very weighty, for without the order or warrant of the county auditor it would be most difficult to obtain payment. The language prohibits the giving of any such order until the bill has been presented to and allowed by the commissioners. They thus hold the key to the public purse, and if they* do not unlock it, the approval of the court is an empty ceremony.
Nor can we see that the action of the commissioners is subject to the approval of the court before it becomes- effective. So that it seems to us that the court is permitted, and perhaps authorized, to express an opinion as to what the compensation of attorneys should be for defending in cases of murder in the first or second degree, but the commissioners are not required to adopt it, and they are empowered to examine and make the allowance, and until they do so, the county auditor can not draw an order for its payment, and there can be no payment without such order.
We can assign no reason for the misleading phraseology of the present section, and we now gladly surrender it without further comment.
What is the result of our construction? The amount of the compensation is vested in the discretion of the county commissioners, and their decision is final. The attorneys in the present case had no right of appeal to the court of common pleas, and that court should have dismissed the appeal. For not doing so, the circuit court *548 properly reversed the judgment of the court of common pleas and dismissed the petition.

Judgment affirmed.

Shauck, C. J., Crew, Summers, Spear and Davis, JJ., concur.